IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JOSEPH C. MORRISON, Jr., | ) | Cause No. CV 09-17-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| SAM LAW, Warden; MIKE | ) | U.S. MAGISTRATE JUDGE |
| FERRITER, Director, Montana | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On February 17, 2009, Petitioner Joseph Morrison moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254.  Morrison is a state prisoner proceeding pro se.

On March 2, 2009, in compliance with the Order of February 19, 2009, Morrison filed an Amended Petition.  The Amended Petition is the controlling pleading.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

I. <u>Preliminary Screening</u>

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." <u>Id.</u> If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." <u>Id.</u>

II. <u>Background</u>

On January 10, 2005, Morrison pled guilty to a felony offense of driving under the influence. He was sentenced to serve thirteen months in the custody of the Department of Corrections and a consecutive five–year prison term. The five-year prison term was suspended in its entirety. <u>State v. Morrison</u>, 176 P.3d 1027, 1028 ¶ 4 (Mont. 2008).

On August 19, 2005, Morrison successfully petitioned for release from prison on the grounds that he had completed a chemical dependency treatment program. The remainder of his thirteen-month sentence was suspended, and he was released on condition that he report to a probation

officer in Miles City. Morrison failed to report. On December 5, 2005, the Rosebud County attorney petitioned to revoke both the remainder of the thirteen-month sentence and the consecutive five-year sentence. The petition was granted, and Morrison was returned to prison for five years and one month. Id. at 1028-29 ¶¶ 5-6.

Morrison appealed. On January 22, 2008, the Montana Supreme Court affirmed. Id. at 1028 ¶ 1.

Morrison timely filed his federal habeas petition by depositing it in the prison mail system on February 13, 2009. See Pet. (doc. 1) at 5, Pet'r Decl. ¶ C; 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

III. Morrison's Allegations

Morrison alleges, first, that he was unlawfully extradited from the Northern Cheyenne Reservation to state court, so that the state court lacked jurisdiction. Am. Pet. (doc. 5) at 3 ¶ 15A. Second, Morrison asserts that he was serving two separate sentences, one of 13 months' probation and one of five years' imprisonment but with all time suspended. Because he had not begun serving the five-year term, the State could not file a petition to revoke that term. Id. at 4 ¶ 15B. Finally, Morrison alleges

"multiple civil, state and federal constitutional violations including fundamental rights, and amendment." Id. at 5 ¶ 15C. This claim is set forth in more detail below. Finally, Morrison claims that the prosecutor persecuted him because "past occurrences that have no relevance to present charge cannot be used to gain an enhanced conviction." Id. at 6 ¶ 15D.

IV. Analysis

Although some or all of Morrison's claims may be barred on procedural grounds, such as procedural default, it is clear that he is not entitled to relief on the merits of his claims. Accordingly, it is more efficient to proceed to the merits. See, e.g., 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

A. Jurisdiction

The validity of Morrison's conviction in state court is not affected even if he was entitled to some process before the Northern Cheyenne Tribe could permit him to be taken from the Reservation to the state court in Rosebud County. "The jurisdiction of the court in which the indictment

is found is not impaired by the manner in which the accused is brought before it." Lascelles v. Georgia, 148 U.S. 537, 544 (1893), quoted in Harden v. Pataki, 320 F.3d 1289, 1296 (11th Cir. 2003); see also Bullis v. Hocker, 409 F.2d 1380, 1382 (9th Cir. 1969) (citing Mahon v. Justice, 127 U.S. 700, 705 (1888); In re Johnson, 167 U.S. 120, 125 (1897); Ker v. Illinois, 119 U.S. 436 (1952); Frisbie v. Collins, 342 U.S. 519 (1962)). The first claim for relief should be denied.

    B. Sentence

Federal habeas relief is available only for violations of federal law. 28 U.S.C. § 2254(a). Whether Morrison was serving one sentence or two is a matter of state law. The Montana Supreme Court held that the trial court had the authority to revoke the entire sentence, not merely part of it. Neither this Court nor the United States Supreme Court may question the Montana Supreme Court's interpretation of Montana law. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); Wisconsin v. Mitchell, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute.").

Revocation of Morrison's entire sentence, as opposed to only the portion he was serving at the time the revocation petition was filed, does not raise any issue of federal law. Although Justice Nelson agreed with Morrison that previous case law interpreting the state statutes in question "is no longer valid interpretational authority for the current version of the statute," Morrison, 176 P.3d at 1033 ¶ 30, Justice Nelson was the lone dissenter.

Morrison's second claim for relief should be denied.

C.  Previous Convictions and Additional Conditions on Revocation

Morrison alleges:

> There was a radical departure from existing legislation, Expunged, Deleted, and constitutionally infirm convictions of traffic violations that were used to retain a conviction. Courts never presented any statute or authority to show they could induce more than a 5-year sentence, did not follow the prescribed laws and statutes in-effect at time of arrest and at sentencing. The Court Ordered a new sentence and added more stipulations to existing sentence.

Am. Pet. at 5 ¶ 15C.

This paragraph is not entirely clear, but appears to make several claims, none of which can provide the relief sought here. Even if the Montana Supreme Court "departed" from "existing legislation" (and this

Court is not saying that it did), it is nonetheless the final authority on the interpretation of Montana law.  This Court has no authority to correct it.

Morrison appears to allege that the DUI offense was elevated to a felony because the State relied on "expunged, deleted, and constitutionally infirm convictions of traffic violations."  He does not identify any misdemeanor DUI conviction that was expunged or deleted.  To the extent convictions subject to constitutional challenge were relied on, Morrison cannot proceed in this Court by challenging the felony DUI conviction. Daniels v. United States, 532 U.S. 374, 382 (2001) (noting that, if a defendant fails to challenge predicate convictions in the correct time and manner under state law, "then that defendant is without recourse.").

Morrison also seems to allege that he could not be sentenced to both thirteen months and five years.  He could.  In fact, the sentence was mandatory.  Mont. Code Ann. § 61-8-731(1) (2003).  That law was in effect both at the time he committed the crime in 2004, see CONWeb, http://app.mt.gov/conweb (accessed May 19, 2009), and at the time of sentencing in January 2005.

Finally, Morrison seems to say there was some legal violation in the fact that the trial court imposed a "new" sentence as well as more

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 7

conditions than those originally imposed.  No federal law is violated by these facts.  E.g., State v. Docken, 908 P.2d 213, 217 (Mont. 1995); id. at 218 (Trieweiler, J., dissenting) (opining that suspension of sentence permits trial courts to "perpetuat[e] their involvement in the lives of criminal offenders"); cf. 18 U.S.C. § 3583(e)(2), (3), (h).

Morrison's third claim for relief should be denied.

### D.  Use of Previous Convictions

State law provides, and has long provided, for use of previous convictions to enhance a misdemeanor DUI offense to a felony.  Mont. Code Ann. § 61-8-731(1) (1997) (previously codified at Mont. Code Ann. § 61-8-714).  A felony DUI charge is essentially a sentencing enhancement based on recidivism.  Recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." Almendarez-Torres v. United States, 523 U.S. 224, 243 (1998).  The United States Supreme Court authorizes the States to impose significantly enhanced penalties based on prior, factually unrelated convictions without giving notice in the charging document or proving the prior convictions to a jury.  Id. at 226-27; Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that, "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime . . . must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).

Here, where Morrison was expressly charged with a felony DUI offense, the Federal Constitution provides no support for a challenge to the State's use of his prior convictions to enhance his sentence. Morrison's claim that he cannot be deprived of "any defense available according to law at the time when act was committed," Am. Pet. at 6 ¶ 15D, is defeated by Daniels v. United States, 532 U.S. 374, 382 (2001). Morrison's fourth claim for relief should be denied.

V. Certificate of Appealability

    A.  Governing Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner . . . "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Any doubt as to whether a petitioner has met the standard is resolved in his favor.  Lambright, 220 F.3d at 1025.  The Court must "state why a certificate should not issue."  Fed. R. App. P. 22(b)(1) (emphasis added).

   B.  Discussion

None of Morrison's claims makes a substantial showing that he was deprived of a federal constitutional right.  His first claim alleges that the state trial court lacked jurisdiction to "extradite" him from the Northern Cheyenne Reservation, but even if he was entitled to some form of process before he could be handed over to state authorities, his conviction is not vulnerable to challenge in federal court on that basis.

Morrison's second claim states his disagreement with the Montana

Supreme Court's interpretation of the state law that applies to his case. The federal court has no authority to question the Montana Supreme Court's interpretation of state law.

Finally, Morrison contends that his conviction or sentence were marred by "multiple" constitutional violations. This Court cannot decide whether the Montana Supreme Court correctly interpreted or applied state law and cannot hear in this case challenges to the previous convictions that elevated the DUI offense to a felony. Nor is there any federal law prohibiting a state court from imposing additional or different conditions on a new suspended sentence following a revocation.

Federal law simply does not support any of Morrison's claims for relief. There is no reason to encourage further proceedings. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Amended Petition (doc. 5) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 11

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Morrison must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his remaining claims.

DATED this 27th day of May, 2009.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 12