IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.
2009 JUL 14 AM 11 25
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| JOSEPH C. MORRISON, JR., | ) |
|  | ) CV-09-17-BLG-RFC-CSO |
| Petitioner, | ) |
| vs. | ) |
|  | ) ORDER ADOPTING FINDINGS |
| SAM LAW, Warden, MIKE FERRITER, | ) AND RECOMMENDATIONS |
| Director, Montana Dept. of Corrections, | ) OF U.S. MAGISTRATE JUDGE |
|  | ) |
| Respondents. | ) |
|  | ) |

On May 27, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 6*) with respect to Morrison's 28 U.S.C. § 2254 petition for writ of habeas corpus (*Doc. 1*). Although there were likely procedural defects in Morrison's petition, Magistrate Judge Ostby found it to be more efficient to address his claims on their merits. After thoroughly evaluating Morrison's claims in light of the applicable law, Magistrate Judge Ostby recommends that the petition be dismissed, that a certificate of appealability be denied, and that judgment be entered against Morrison.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter,

1

Morrison filed objections on July 7, 2009. These objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

Although Morrison's objections are not plainly stated, it appears his first objection is that he should not have been convicted of a fourth (felony) DUI because he was not represented by counsel for his August 17, 1993 DUI conviction. Morrison, however, provides no evidence other than his assertion that he was not represented by counsel during his August 17, 1993 DUI conviction. Accordingly, this objection is not well-taken.

Morrison also objects that he should not have been convicted of a fourth (felony) DUI because one or more of his prior DUI convictions should have been expunged. Morrison's 2005 felony DUI conviction was premised on 2 prior convictions from 1993 and another in 2002. Although prior versions of Mont. Code Ann. §61-8-714 and § 61-8-722 provided for the expungement of DUI convictions after five years without further DUI convictions, these statutes were amended by 1995 so that all prior DUI convictions were to be considered in determining whether a defendant had been convicted of three prior DUI offenses and should therefore be charged with felony DUI. This objection is overruled.

Morrison also argues his felony DUI conviction is barred by the Ex Post

Facto Clause because he was sentenced by the state courts under laws enacted after the offense date. Morrison, however, does not identify the law which he claims was enacted after the offense date. This objection is also overruled.

All of Morrison's remaining objections are either incomprehensible or do not address Magistrate Judge Ostby's Findings and Recommendations. They are therefore overruled.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and adopts them in their entirety. Accordingly, **IT IS HEREBY ORDERED** that Morrison's Amended Petition (*Doc. 5*) is **DENIED** on its merits.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

The Clerk of Court is directed to entered judgment, by separate document, in favor of Respondents and against Morrison.

DATED this 14th day of July 2009.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

3